IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| CAREY CRESPO and BEVERLY CRESPO, | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 2:12-CV-00211-RWS |
| v. | : : | |
| COLDWELL BANKER MORTGAGE, et. al, | : : : | |
| Defendants. | : | |

## **ORDER**

This case comes before the Court on Plaintiffs' Motion to Amend Judgment and/or Motion for Reconsideration [26] and Motion to Disqualify Attorney/ Motion for Hearing [27]. After reviewing the record, the Court enters the following Order.

### **Background**

This case arises out of the foreclosure sale of Plaintiffs Beverly Crespo and Carey Crespo's (collectively the "Crespos") property, situated on Land Lot 108 in the 8th Land District, Hall County, Georgia, and located at 6115 Old Federal Road, Flowery Branch, Georgia 30542.

On February 28, 2013, the Court granted Defendants' Motion to Dismiss finding that Plaintiffs failed to state a claim for (1) fraud, (2) lack of standing to foreclose, (3) release of defective lien, (4) injunctive relief, or (5) declaratory relief. (Order, Dkt. No. [24].)  The Court properly construed the motion as unopposed since Plaintiffs failed to file a timely response to the Defendants' Motion to Dismiss.[1]

Plaintiffs now move for reconsideration of the Court's Order asserting improper legal standards and conflict of interest.  For the reasons stated below, Plaintiffs' Motion for Reconsideration [26] is **DENIED**.

## Discussion

### I.   Legal Standard

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), NDGa.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Bryan v.

---

[1] Despite Plaintiffs' contention, their Motion to File an Amended Verified Complaint [13], filed over three months after Defendants' Motion to Dismiss, is not a timely response to Defendants' Motion to Dismiss.

2

Murphy, 246 F. Supp. 2d 1256, 1258-59 (N.D. Ga. 2003).  A motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Id. at 1259.  Nor may it be used "to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation."  Adler v. Wallace Computer Servs., Inc., 202 F.R.D. 666, 675 (N.D. Ga. 2001).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).

## II.     Analysis

In its Motion for Reconsideration, Plaintiffs challenge the legal standards and procedures applied by the Court.  Plaintiffs do not present any new evidence or law to warrant reconsideration of the Court's decision.  Further, in support of the motion, Plaintiffs rely on case law that already existed at the time of motion briefing, Hemispherx Biopharma, Inc. v. Mid-South Capital, Inc.,

3

690 F.3d 1216 (11th Cir. 2012) ("Hemispherx"). Motions to amend and motions for reconsideration should not be used to make arguments that should have been made before judgment was entered. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990); Bryan v. Murphy, 246 F.Supp.2d 1256, 1258-59 (N.D. Ga. 2003) ("[M]otions for reconsideration are not to be filed as a matter of course, but only when 'absolutely necessary'"). As such, Plaintiffs fail to meet the standard for reconsideration of this Court's order.

## Conclusion

For the reasons stated above, Plaintiffs' Motion to Amend Judgment and/or Motion for Reconsideration [26] is **DENIED** and Motion to Disqualify Attorney/ Motion for Hearing [27] is **DENIED as moot**.

**SO ORDERED**, this  11th  day of September, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

4

AO 72A
(Rev.8/82)